IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERTO LOPEZ MARIN and PEDRO LARA, on behalf of themselves and all other persons similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> KDK, INC., <br><br> Defendant. | Case No. <br><br> Judge |

## COMPLAINT

Plaintiffs, Roberto Lopez Marin and Pedro Lara, on behalf of themselves and all other persons similarly situated known and unknown, through their attorneys, for their Complaint against Defendant KDK, Inc. (hereinafter "KDK"), state as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for Defendant's failure to pay overtime wages to Plaintiffs and other similarly situated persons for all time worked in excess of forty (40) hours in individual work weeks. Plaintiffs also bring individual claims under the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL") and the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020, for Defendant's failure to pay them the required overtime wages and minimum wages, respectively.

2. During the prior three years, Plaintiffs and other similarly-situated employees worked for Defendant as food preps and dishwashers.

3. While Plaintiffs and other similarly-situated persons worked for Defendant in

excess of forty (40) hours per week in one or more individual work weeks during the last three years, Defendant did not pay them overtime at a rate of one and one-half times their regular rates of pay, and instead paid them their regular rates of pay for all time worked.

4. Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as representative party plaintiffs in this FLSA overtime lawsuit are attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' FLSA claims, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiffs' IMWL and City of Chicago Minimum Wage Ordinance claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

8. Plaintiffs reside in and are domiciled in this judicial district.

9. Defendant KDK is an Illinois corporation.

10. Defendant KDK operates a restaurant, Nosh & Booze, located at 838 W. Randolph Street, Chicago, Illinois, 60607.

11. Defendant KDK operated a restaurant, Vivo, located at 838 W. Randolph Street, Chicago, Illinois 60607.

12. Defendant KDK is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

13. Defendant KDK is an enterprise engaged in commerce or in the production of goods

for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

14. During the last three years, Defendant KDK's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

15. During the course of their employment with Defendant KDK, Plaintiffs handled goods, including perishable produce and other food products that moved in interstate commerce.

16. Defendant KDK was Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

17. Defendant KDK was Plaintiffs' "employer" as defined by the IMWL. 820 ILCS 105/3(c).

18. Plaintiffs were Defendant KDK's "employee(s)" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

19. Plaintiffs were Defendant KDK's "employee(s)" as defined by the IMWL. 820 ILCS 105/3(d).

## BACKGROUND FACTS

20. Plaintiff Roberto Lopez Marin worked for Defendant as a dishwasher and a food prep from approximately June 2015 until approximately October 20, 2016.

21. Plaintiff Pedro Lara worked for Defendant as a dishwasher from approximately June 2013 until approximately October 19, 2016.

22. Plaintiffs' duties included, but were not limited to, the following: washing dishes, putting away clean plates, stocking areas with clean plates, sweeping work area, wash/sweep garbage area in alley, occasionally help clean restrooms and prep food.

23. During the last three years, Defendant regularly directed Plaintiffs and other similarly-situated employees to work more than forty hours in individual work weeks.

24. Defendant paid Plaintiffs and other similarly-situated employees an hourly rate of pay, and did not pay them overtime at a rate of one and one-half times their regular rates of pay for time worked in excess of forty (40) hours during individual work weeks.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
**(Plaintiffs on their own behalf and on behalf of similarly situated employees)**

Plaintiffs hereby reallege and incorporates paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

25. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., for Defendant's failure to pay overtime wages to Plaintiffs for all time they worked in excess of forty (40) hours per week.

26. In one or more individual work weeks during their employment by Defendant, Plaintiffs worked in excess of forty (40) hours per week.

27. Defendant did not pay Plaintiffs one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours individual work weeks.

28. For example, for the bi-weekly pay period ending July 19, 2015, Plaintiff Lopez Marin worked 115.00 hours. Plaintiff Lopez Marin was paid his regular rate for all time worked during this pay period. See Exhibit B, attached hereto.

29. For the bi-weekly pay period ending October 11, 2015, Plaintiff Lopez Marin worked a total of 109.00 hours. Plaintiff Lopez Marin was paid his regular rate for all time worked during this pay period. See Exhibit C, attached hereto.

30. Other similarly situated hourly employees have likewise performed non-exempt work for Defendant, but Defendant has failed to pay them all overtime wages for work performed in excess of forty (40) hours per week.

31. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

32. Pursuant to 29 U.S.C. § 207, for all weeks during which other similarly-situated hourly employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

33. Defendant's failure to pay overtime wages to Plaintiffs for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

34. Defendant's failure to pay overtime wages to other similarly situated hourly employees for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

35. Defendant's failure to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times the greater of the federal or Illinois minimum wage or Plaintiffs' regular rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours in individual workweeks;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiffs individually only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 35 of this Complaint, as if

fully set forth herein.

36. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

37. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

38. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their regular rate of pay for time they worked in excess of forty (40) hours per week.

39. During their employment with Defendant, Plaintiffs worked in excess of forty (40) hours in one or more individual work weeks.

40. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular rate of pay for time worked in excess of forty (40) hours per week.

41. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. a judgment in the amount of one and one-half times the greater of the then-applicable Illinois minimum wage or their regular rate of pay for all hours in which Plaintiffs worked in excess of forty (40) hours in individual work weeks;

B. interest equal to 2 percent of the amount of under-payment for each month following the date of under-payment, as provided for by 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs incurred in filing this action; and

  D.  such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the City of Chicago Minimum Wage Ordinance - Minimum Wages
(Plaintiffs Individually Only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 41 of this Complaint, as if fully set forth herein.

42.  This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

43.  This count arises from Defendant's violation of the minimum wage provisions of the City of Chicago Minimum Wage Ordinance. Chapter 1-24, Section 1-24-020. Plaintiffs bring this action pursuant to Chapter 1-24, Section 1-24-110.

44.  Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020, for all time Plaintiffs worked for Defendant, they were entitled to be compensated at the applicable City of Chicago Minimum Wage.

45.  Defendant violated the City of Chicago Minimum Wage Ordinance by failing to compensate Plaintiffs at the then applicable City of Chicago Minimum Wage for all time worked in one or more individual workweeks.

46.  In July 2015 the minimum wage in the City of Chicago was $10.00 per hour.

47.  Plaintiff Lara was paid $9.00 per hour from approximately June 2013 through approximately May 2016.

48.  From approximately May 2016 to October 2016, Plaintiff Lara was paid $9.50 per hour.

49.  In July 2016 the minimum wage in the City of Chicago was $10.50.

50.  Plaintiff Lopez Marin was paid $10.00 per hour from June 2015 and mid-July 2016.

51. Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110, Plaintiffs are entitled to recover three times the amount of any underpayment, along with costs and reasonable attorneys' fees allowed by the court.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. A judgment in the amount of Plaintiffs' unpaid minimum wages for all time worked;

B. Punitive damages as set forth in City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: October 28, 2016

s/Douglas M. Werman
Douglas M. Werman—dwerman@flsalaw.com
Maureen A. Salas—msalas@flsalaw.com
Sarah J. Arendt—sarendt@flsalaw.com
Zachary C. Flowerree-zflowerree@flsalaw.com
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008
Attorneys for Plaintiffs