IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERTO LOPEZ MARIN and PEDRO LARA,<br><br>Plaintiffs,<br><br>v.<br><br>KDK, INC., STEVEN TSONIS, individually, and ROBERT S. LUKE, individually,<br><br>Defendants. | Case No. 16 CV 10246 |

### CONSENT JUDGMENT

Named Plaintiffs Roberto Lopez Marin and Pedro Lara ("Plaintiffs"), having commenced this action by filing their Complaint for alleged violations of the Fair Labor Standards Act, 29 U.S.C §201, *et seq.* (FLSA), and the Illinois Minimum Wage Law, 820 ILCS 105, *et seq.* (IMWL), and Defendants KDK, Inc. and Steve Tsonis, individually, ("Defendants") having agreed to the entry of this Consent Judgment in resolution of disputed claims without trial or adjudication of any issue of fact or law herein:

NOW, THEREFORE, without trial and pursuant to the settlement agreement of the parties ("Settlement Agreement"), and upon the consent of the parties hereto, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction of the subject matter herein and of each of the parties consenting hereto. Plaintiffs' First Amended Complaint (ECF No. 33) states a claim upon which relief can be granted against Defendants under the FLSA and IMWL.

2. On December 14, 2017 the parties entered into a Settlement Agreement. See Exhibit A, attached hereto. Defendants agreed that in the event that they defaulted on their obligation to make the payments as required by the Settlement Agreement, any unpaid settlement

proceeds, plus reasonable attorneys' fees and costs, would be immediately reduced to a consent judgment in favor of Plaintiffs and against Defendants. See Paragraph 7 of Exhibit A.

3. To date, Defendants have failed to make the scheduled payments as set forth in the Settlement Agreement.

4. Defendants shall comply with the provisions of this Consent Judgment. Defendants shall pay to Plaintiffs the gross amount of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00), as allocated in the Exhibit A, Section 1.A.

5. Defendants shall also pay Plaintiffs' counsel the reasonable sum of $650.00 for attorneys' fees incurred in preparing and having this Consent Judgment entered.

6. Upon Defendants payment of the judgment amount, Plaintiffs shall file a satisfaction of judgment with the Court.

By their attached electronic signatures hereto, the parties agree to the entry of this Consent Judgment.

Attorneys for Plaintiffs:

Douglas M. Werman
DOUGLAS M. WERMAN
MAUREEN A. SALAS
SARAH J. ARENDT
ZACHARY C. FLOWERREE
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

Attorneys for Defendant:

s/Michelle M. Morrone (w/consent)
MICHELLE M. MORRONE
Morrone and Morrone, P.C.
12820 S. Ridgeland Ave., Unit C
Palos Heights, IL 60463
(708) 653-3151

IT IS SO ORDERED AND ADJUDGED THIS 10th DAY OF APRIL, 2018.

_____
Honorable Judge Robert W. Gettleman
United States District Court

## SETTLEMENT AGREEMENT AND COMPLETE WAIVER/RELEASE

This Settlement Agreement and Complete Waiver/Release ("Agreement") is entered into between Roberto Lopez Marin and Pedro Lara, on behalf of themselves, their agents, representatives, assignees, heirs, executors, beneficiaries, trustees (collectively "Employees") and KDK, Inc., on behalf of itself and its parents, subsidiaries, affiliates, divisions, partners, related entities, predecessors, successors, assigns, trustees, and all of its present shareholders, officers, directors, employees and agents, and Steven Tsonis, individually (collectively "Employer").

WHEREAS, on November 1, 2016, Employees filed a lawsuit against KDK, Inc. in the Northern District of Illinois, Case No. 16-CV-10246, seeking unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020, (hereafter "the Lawsuit").

WHEREAS, on August 15, 2017, Employees filed a First Amended Complaint adding Steven Tsonis as a named Defendant in addition to dismissing their City of Chicago Minimum Wage Ordinance claims.

WHEREAS, the Parties want to avoid further controversy, litigation, costs, legal fees and inconvenience and enter into this Agreement to resolve all claims, including attorneys' fees, against Employer that may have been asserted in the Lawsuit;

NOW, THEREFORE, for and in consideration of the provisions, covenants, and mutual promises contained herein, the Parties hereby agree as follows:

1. **Payment Terms and Consideration**

    A. In consideration for the promises in this Agreement, Employer shall pay Employees the gross sum of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00). The payments shall be apportioned and paid as follows:

    (i) **Payment to Roberto Lopez Marin**: On or before March 12, 2018, Employer shall pay Roberto Lopez Marin a certified lump-sum check in the gross amount of One Thousand Nine Hundred Thirty-Eight Dollars and Thirty-Seven Cents ($1,938.37). An IRS form 1099 will be issued to Roberto Lopez Marin by the Employer for this amount

    (ii) **Payment to Pedro Lara**: On or before March 12, 2018, Employer shall pay Pedro Lara a certified lump-sum check in the gross amount of Four Thousand Nine Hundred Thirty-Eight Dollars and Thirty-Seven Cents ($4,938.37). An IRS form 1099 will be issued to Pedro Lara by the Employer for this amount.

    (iii) **Payment to Werman Salas P.C.**: On or before March 12, 2018, Employer shall pay Employees' counsel a certified lump-sum check in the gross amount of Forty-Eight Thousand One Hundred Twenty-Three Dollars and Twenty-Six Cents ($48,123.26). The amount paid to Employees' attorneys, Werman Salas P.C., is for Employees' attorney's fees and costs. An IRS form 1099 will be issued to

1

Werman Salas P.C. (EIN #20-3042887) by the Employer for the amount contained in this check.

B. Employer shall deliver the payments and tax form set forth in Section 1(A), above, to Werman Salas P.C., c/o Douglas M. Werman, 77 West Washington Street, Suite 1402, Chicago, Illinois 60602.

C. Employees and Employer agree that the gross sum constitutes good, valid and sufficient consideration for this Agreement and Employees agree that, upon receipt of payment, they have been properly paid for all overtime hours worked and any liquidated damages stemming from their claims as well as any other penalties or interest pursuant to federal or Illinois wage and hour laws. Employees acknowledge and agree that the consideration described above is consideration to which they would not otherwise be entitled and is being paid in exchange for signing and not revoking this Agreement.

## 2. Waiver of Costs and Attorneys' Fees

In consideration of the promises made by Employer and Employees in this Agreement, Employer and Employees agree to waive any claim they may have to an award of costs and attorneys' fees, other than as set forth in this Agreement.

## 3. Stipulation of Dismissal

Employees shall execute and file a stipulation of dismissal with prejudice of the lawsuit within twenty-eight (28) days of Employer paying the consideration to Employees and their counsel in full as set forth in Section 1, above. Should the Court dismiss the Lawsuit without prejudice prior to the payment deadline as set forth in Section 1, above, Employer agrees that Employees' claims will be tolled as of the date of the the dismissal without prejudice until twenty-eight (28) days after Employer pays the consideration to Employees and their counsel in full.

## 4. Release and Limited Covenant Not to Sue

(a) In further consideration of the promises made by the Parties, the Parties release and forever discharge the other, as broadly defined in the preamble to this Agreement, from:

  (i) all claims, actions, demands, compensation, damages, costs, attorneys' fees or other relief related to, or in any way growing out of Employees' employment with, treatment at, wages from, or separation of employment from Employer;

  (ii) all claims based on occurrences through the date of the Parties' execution of this Agreement arising under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), the National Labor Relations Act, as amended, the Equal Pay Act, the Fair Labor Standards Act, as amended, the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, as amended, the Family and Medical Leave Act, 42 U.S.C. § 1981, the Employee Retirement

2

      Income Security Act, as amended, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, and Attorneys' Fees and Wage Actions Act, Illinois Human Rights Act, Chicago Human Rights Ordinances and any other Federal, State, or municipal statute, order, regulation, or ordinance; and

   (iii) all claims arising under common law, including but not limited to tort claims or breach of contract claims (express or implied), intentional interference with contract, intentional infliction of emotional distress, negligence, defamation, violation of public policy, wrongful or retaliatory discharge, tortious interference with contract, and promissory estoppel, on account of, or any injury related to or in any way growing out of Employees' employment with, treatment at, wages from, or separation of employment from Employer.

 (b) Employer and Employees intend that this Agreement bar each and every claim, demand, and cause of action described in Paragraph 4(a). Excepted from this release is any claim or right which cannot be waived by law, including any claims Employees may have under the Illinois Workers' Compensation Act, 820 ILCS 305 *et seq*. In consideration of the promises made by the Parties in this Agreement, Employer and Employees agree never to institute any lawsuit or action of any kind in any court of the United States, state, or municipality against each other arising from or relating to Employees' employment with Employer, treatment at, wages from, or separation of employment from Employer based on any claim that has arisen prior to the date of the Parties' execution of this Agreement; provided, however, that the foregoing covenant not to sue does not apply to claims under ADEA.

 (c) Nothing in this Agreement is intended to prohibit Employees from filing a charge with, cooperating with, or providing information to, any administrative agency (including the EEOC and NLRB). However, Employees waive the right to recover any damages or other personal relief based on any claim, cause of action, demand or lawsuit described in Paragraph 4(a) brought by Employees or on Employees' behalf by any third party or as part of a class or collective action, other than an award for information provided directly to a government agency under a whistleblower law.

## 5.  Non-Admission

Employees and Employer agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by Employer. Employees and Employer further agree that this Agreement shall not be admissible in any proceeding (without the written consent of the Parties or unless ordered by a court of competent jurisdiction), except (i) one instituted by either party alleging a breach of this Agreement; or (ii) one brought by Employees or Employer alleging a violation of the release and covenant not to sue contained in Paragraph 4.

## 6.  Entire Agreement

Employees and Employer agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Illinois. Employees and Employer further agree that this

3

Agreement sets forth the entire agreement between the Parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by Employees and Employer.

### 7. Enforcement

Employees and Employer have specifically negotiated payment after a period of 90 days. In the event that Employer defaults on its obligation to make the payment as set forth in Section 1, above, Employees may file a motion in the United States District Court where this matter is pending or any other court of competent jurisdiction to enforce this Agreement, with the balance of the settlement proceeds to be immediately due. Employer agrees to pay Employees' reasonable attorneys' fees and costs associated in filing such a motion and in recovering any unpaid amounts. Employer agrees that the sum of any unpaid settlement proceeds, plus reasonable attorneys' fees and costs, shall immediately be reduced to a consent judgment in favor of Employees and against Employer.

Prior to filing a motion to enforce this Agreement, Employees must afford Employer a reasonable opportunity to cure the default through the following procedures: if Employees believes non-payment has occurred as of March 13, 2018, Employees must give written notice via electronic mail to Employer's Counsel, Michelle Morrone. Employer shall have seven (7) days from the date of receipt of such electronic notice by Employer's counsel to cure the default by making the payment in accordance with Section 1, above.

### 8. Full Knowledge, Consent, and Voluntary Signing

Employees also agree that they are entering into this agreement knowingly, voluntarily, and with full knowledge of its significance; they have not been coerced, threatened, or intimidated into signing this agreement; and they have been advised to consult with an attorney, and in fact have consulted with an attorney.

### 9. Severability

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Employees and Employer agree that the remaining portions shall not be affected and shall be given full force and effect. This Agreement may be executed in counterparts. Faxed, Docusign, and .pdf copies shall be treated as originals.

4

ROBERTO LOPEZ MARIN
*Roberto Lopez Marin, by*
*Sal J Ault, power of attorney*
Date: 12-14-17

PEDRO LARA
*Pedro Lara, by Sal J Ault,*
*power of attorney*
Date: 12-14-17

KDK, INC.
By: *[signature]*
Date: 12-14-17
STEVEN PSONIS
*[signature]*
Date: 12-14-17

5